(12 Misc. Rep. 421.)

### STYLES v. BLUME.

(Common Pleas of New York City and County, General Term. May 6, 1895.)

1. VENDOR AND PURCHASER—DEFECTIVE TITLE.

The mere pendency of an action attacking the title of the vendor, and the filing of a lis pendens, do not make the title defective, nor create a lien on the land.

2. SAME—DEPRECIATION BEFORE CONVEYANCE.

A vendee cannot refuse a title to land on the ground that it has depreciated in value since the contract was made, when the vendor is not responsible for the delay in conveying the title.

Appeal from equity term.

Action by Adelaide B. Styles against Joseph Blume for specific performance of a contract to convey land, and, in case title could not be made, for the purchase money paid and for damages. Judgment was entered in favor of plaintiff (30 N. Y. Supp. 409), and defendant appeals. Reversed.

Argued before DALY, C. J., and BISCHOFF and GIEGERICH, JJ.

A. J. Skinner, for appellant.

Johnston & Johnston, for respondent.

DALY, C. J. By a contract in writing made on April 29, 1893, between the parties to this action, it was agreed that defendant should sell, and plaintiff purchase, the premises on the south side of 134th street, distant 250 feet west of 8th avenue, for the consideration of $8,500; the delivery of the deed to be on May 29, 1893, and the

consideration to be paid as follows:  $500 on the execution of the contract (which was done); $1,000 on delivery of the deed,—the purchaser to give a mortgage for $2,500, and take the premises subject to mortgages aggregating $4,500.  The time for the delivery of the deed was extended to June 20, 1893.  The complaint demanded that defendant specifically perform his contract, and, in case he could not make title, that plaintiff have judgment for the $500 paid, together with damages.  The complaint alleged want of title; that the fee of the premises was vested in one Anton F. Blume, who had commenced an action against defendant to set aside a deed to the latter made July 14, 1892, in which action a lis pendens had been filed.  It was also alleged that the taxes of 1892, and Croton water rents for 1892 and 1893, and an assessment of $115 on the premises, were unpaid. The complaint also set up fraudulent concealment of the above facts by defendant from the plaintiff, who relied upon defendant's representation that he had a good title and that the premises were unincumbered, and that plaintiff had entered into possession of the premises, and expended moneys thereon, with defendant's consent.  The answer denied the alleged fraud; averred that defendant had a good title, and that the aforesaid lis pendens was wrongfully filed; that he had offered to pay all lawful liens, but that plaintiff refused to accept his conveyance solely because of such lis pendens.  The answer demanded a dismissal of the complaint.  The trial of the action was had on June 4, 1894, and the defendant then stated he was willing to consent to a judgment for specific performance, but plaintiff claimed that the property had depreciated in value.  Proof that the property had depreciated $500 in value was taken, under objection of defendant to its materiality.  No proof of fraud was made. The facts as to the liens for taxes, Croton rents, and assessments were admitted.  It was conceded that $125 was a reasonable fee for examining title.  Judgment was entered in favor of the plaintiff for $625 and interest and costs; declaring that sum to be a lien on the premises, and that they be sold to satisfy it.  Findings of fact and law were filed and signed by the trial judge, finding that the defendant had neglected and refused to fulfill his agreement; that he had not title; that the fee of the premises was in Anton F. Blume, who had commenced the aforesaid action and filed the aforesaid lis pendens; that the defendant fraudulently concealed the aforesaid facts; that defendant is unable to specifically perform the contract and put the plaintiff in as good a condition as she was at the time it was executed; and that defendant admitted the allegations of the plaintiff's complaint, and offered to allow judgment to be taken against him for specific performance.

It thus appears that although this action was brought to compel specific performance of the contract to convey, and although defendant, on the trial, was willing to convey, and consented to a judgment for specific performance, yet the plaintiff was permitted to change her cause of action into a claim for the return of her money, and damages on the ground that the property had depreciated in value.  While the court found that the vendor had no title, and that the agreement of sale was induced by fraudulent concealment

of facts, it would seem that the judgment could not have proceeded upon those grounds, for a lien in favor of the plaintiff could not be imposed upon property which defendant did not own; and as there was, on the other hand, a specific finding that the property had depreciated in value, and the defendant was unable to put the plaintiff in the same position she would have been in if defendant had complied with the contract, it may be assumed that that was the controlling fact in the disposition of the cause. If it were, then it seems quite clear that the judgment was erroneous. A court of equity may refuse to decree the specific performance of a contract for the sale of lands at the prayer of the vendee, where the vendor objects that it would be unjust to compel him to give a deed, as where the performance of the contract had been prevented and delayed for many years, without any fault of the vendor, by the pendency of a litigation commenced before the contract was made, and the property had in the interim very greatly increased in value, and the situation and condition of the parties had been greatly changed and altered, it being obvious that the contracting parties never intended the results that followed their action. Fitzpatrick v. Dorland, 27 Hun, 291. And it may be assumed that a court of equity would refuse specific performance, as against the vendee, where, after long delay, not caused by his fault, the property had greatly depreciated in value. No such case was made out by this plaintiff. The action was tried about a year from the time fixed for the delivery of the deed. The deed was rejected by the vendee upon two grounds which were untenable: First, that an action was pending, brought by a third party, to set aside his deed of the premises to the vendor, and that a lis pendens had been filed and recorded in such action; and, second, that there were unpaid certain taxes, assessments, and Croton rents. The mere pendency of an action attacking the title of the vendor, and the filing of lis pendens in such action, do not make the title defective, nor create a lien on the land. Hayes v. Nourse, 114 N. Y. 595, 22 N. E. 40. And it does not appear that, had plaintiff been willing to take the title, defendant would not have cleared the land of the liens, which were much less than the cash payment which plaintiff was to make on the delivery of the deed. No attempt was made on the trial to show that the pending action of Anton F. Blume was well grounded, or that, for any reason, the defendant could not give title. No delay in taking title was therefore caused by the defendant. The delay was caused by the plaintiff's unreasonable refusal to take title, and, if the property depreciated meanwhile, it afforded her no ground for relief from the contract, for that would enable her to profit by her own delay. The amount of the depreciation, viz. $500, in a contract of $8,500, is too inconsiderable, in any event, to warrant a denial of specific performance on that ground alone. If the property had increased in value to that extent only, the vendor under no circumstances would be relieved from his contract for that reason. But, whatever the money difference, it is of little consequence, as the vendee caused the delay; and the rule applied in the case cited is not applicable to this case, for that reason.

If, on the other hand, the judgment was given for the plaintiff for the return of the $500, and damages, on the ground that the defendant had no title, or had induced the making of the contract by fraud, the evidence fails to sustain the findings and judgment in that regard. The findings of fact and law were duly excepted to, and such exceptions raise the question as to the sufficiency of evidence.

There is a finding that the defendant admitted the allegations of the complaint. It appears from the record that plaintiff's counsel expressly declined to take the facts as admitted by the offer of judgment, and preferred to have them stated on the record, and thereupon proposed specific admissions of fact, which were conceded by the defendant. Such admissions did not in the remotest degree include want of title in the vendor, nor fraud, but were expressly limited to admission of tender, the amount of the liens, pendency of the action of Blume, the filing of the lis pendens, and the vendee's refusal to receive the deed on that ground. It was clear that plaintiff claimed to recover upon the facts specifically admitted, and upon proof of the depreciation in value afterwards put in by her. No other proof was given on the trial, and there was therefore no evidence, by admission or otherwise, of want of title or of fraud. The judgment must therefore be reversed, and a new trial ordered, because the plaintiff failed to establish the cause of action set forth in the complaint, viz. want of title, and fraud, and because the depreciation of value of the premises pending the action did not justify the release of plaintiff from her contract. Judgment reversed, and new trial ordered; costs to appellant, to abide the event. All concur.