Martin v. Stone.

HOWARD MARTIN, Plaintiff in Error, v. JOHN STONE, Defendant in Error.

### St. Louis Court of Appeals, March 7, 1899.

1. **Contract for Sale of Land:** QUANTITY: DESCRIPTION. In the case at bar the land is described as all of the northeast part of section 15, township 52, range 1, east "which lies north of Ramsey Creek." Held, that under the contract the statement of the number of acres in the farm can not be accepted as a covenant, but as a matter of description only; and further, that in the absence of any proof of actual fraud or misrepresentation as of the number of acres in the tract, or of proof of a large deficiency in the estimated quantity which would tend to prove fraud in the sale, the plaintiff was bound to accept a deed for the land under the above description, whether the farm contained more or less than the estimated quantity.

2. ———: INCUMBRANCE: RESCISSION. The defendant's purpose, in the case at bar, was to pay the incumbrance out of the remainder of the purchase money and that the owner of the debt was present and willing to accept the money and release the land; held, that to predicate a right of rescission, on the part of plaintiff, on such a ground, is too technical for serious consideration.

*Appeal from the Pike Circuit Court.*—HON. REUBEN F. ROY, Judge.

AFFIRMED.

MARTIN & WOOLFOLK for plaintiff in error.

There are no disputed facts in the case. The payment of $250 by plaintiff to defendant on defendant's contract to convey to him by warranty deed one hundred and five and fifty-three one-hundredths acres of land. The refusal of defendant to allow plaintiff to have the land surveyed in order to ascertain the quantity. The incumbrances against the land when the contract was made and when the suit was

tried.   The plaintiff never had possession of the land.   The notice of defendant to plaintiff that he claimed the $250 paid as damages, are facts all admitted by the defendant. The defendant's refusal to allow plaintiff to have the land surveyed before the plaintiff paid for it, must be construed as evidence of the fact that he did not have the quantity of land he had contracted to sell and the plaintiff had the right to know before he paid for it that he was getting what he had contracted for.   Under the contract the quantity of land became of the essence of the contract.   3 Washburn R. P. [3 Ed.]  418.   The plaintiff was not compelled to pay or offer to pay the balance of the purchase price until the incumbrance was removed so long as he remained out of possession and the contract was executory.   Defendant's title must be like Ceasar's wife, "not only pure but unsuspected," in quantity and quality.   Hymers v. Branch, 6 Mo. App. 514; Williams v. Desmiekes, 42 Mo. 101; Thompson v. Craig, 64 Mo. 316, 317; McLead v. Snyder, 110 Mo. 302.

SAM SPARROW and GEO. W. EMERSON for defendant in error.

There is no merit in plaintiff's contention that the quantity of land was of the essence of the contract.   In this case the land is described as "being the N. E. part of section 15, in township 52, range one (1) east, containing one hundred and five and fifty-three one-hundredths (105.53) acres, the same being that part of said section which lies north of Ramsey creek.   When land is sold in bulk for a gross sum, and the description is definite, by metes and bounds, governmental subdivision or other certain description, a call for quantity in the conveyance is merely descriptive.   Wood v. Murphey, 47 Mo. App. 539; Baker v. Clay, 101 Mo. 558; Campbell v. Johnson, 44 Mo. 248; Hart v. Rector, 13 Mo. 497; Ware v. Johnson, 66 Mo. 668.

BIGGS, J.—On the sixth day of April, 1895, the plaintiff and defendant entered into the following written contract, to wit: "It is agreed between John Stone of Pike county, Missouri, party of the first part, and W. H. Martin of Lincoln county, Missouri, party of the second part, that said first party did this day sell to second party the following described real estate, situated in the county of Pike, and state of Missouri, to wit: All of a certain tract of land being the N. E. part of section 15, in township 52, range 1, east, containing one hundred and five and 53-100 (105 53-100) acres, the same being that part of said section which lies north of Ramsey creek. The terms and conditions of said sale were as follows: The said second party agrees to pay the said first party, two hundred and fifty ($250) dollars in cash, the receipt of which is hereby acknowledged and to give peaceable possession of said described land upon the first (1st) day of August, 1895, on which date said second party agrees to pay said first party forty-five hundred ($4,500) dollars in cash, this amount being the balance of the consideration of said sale, upon the condition that the first party deliver to said second party a warranty deed for said described land. It is further agreed that said first party is to have the use of the orchard and that part of the land known as the corn ground, until March 1st, 1896."

This contract was not carried out. In the present action the plaintiff sues to recover back the cash payment. He bases his right of recovery on three grounds; first, that the land was encumbered by a deed of trust, which the defendant failed to have satisfied; second, that the defendant refused to permit the land to be surveyed in order to ascertain if it contained the stipulated number of acres; and, third, that the defendant had rescinded the contract, wherefore the plaintiff claimed that he was justified in refusing to tender the balance of the purchase money, and that he was entitled to recover back the amount he had already paid. The cause

was submitted to the court without a jury. No declarations of law were asked. The court found the issues for the defendant and judgment was accordingly rendered for him. The plaintiff has brought the case to this court by writ of error, insisting that under the undisputed facts the judgment ought to have been for him.

There is no conflict in the evidence. After the execution of the contract and prior to the first day of August, 1895, at which time the deed was to be made and the balance of the purchase money paid, the plaintiff asked to have the land surveyed, which the defendant declined to have done. The land was encumbered by a deed of trust. The parties met at the city of Clarksville on the appointed day for the purpose of consummating the sale. The defendant expected to use a portion of the remaining purchase money in discharging the mortgage debt, and with that view he had the holder of the debt present for the purpose of executing a deed of release, which he was willing to do upon the receipt of the money due to him. The plaintiff was advised of this. The defendant executed and tendered to plaintiff a warranty deed to the land and demanded the payment of the remainder of the purchase money. The plaintiff declined to accept the deed, thereupon the defendant deposited the deed with the Clifford Banking Company and he caused to be delivered to plaintiff the following notice, to wit:

"Clarksville, Aug. 1, 1895.

To H. W. Martin:

"You are hereby notified that in accordance with the terms of the contract between us for the sale and purchase of my farm I have this day made and executed a deed to the land and deposited the same with the Clifford Banking Company of Clarksville, Mo., to be delivered to you upon the payment by you of the sum of $4,500 the amount you agreed to pay on this day for the land and I further notify you that unless the said sum is paid within five days from this date I

shall hold the $250 heretofore paid, as damages for failure to comply with the terms of our contract.

"(Signed.) John Stone."

The covenants contained in the written contract are dependent, that is the obligation to perform by one of the contracting parties is made dependent upon the ability and willingness of the other to comply with his undertaking. The plaintiff justifies his refusal to pay the remainder of the purchase money and to recover back the earnest money upon the theory that the statement in the contract that the farm contained one hundred and five and fifty-three one-hundredths acres was in the nature of a covenant, and that therefore the plaintiff, before he could be called on to pay the remainder of the purchase money, had the right to have the quantity of land definitely ascertained, and that as the defendant refused to allow this to be done, he had the right to rescind the contract. The difficulty with this argument is that the premise is wrong. Under the contract the statement of the number of acres in the farm can not be accepted as a convenant, but as a matter of description only. The rule, as stated by Mr. Washburn is, that a statement in a deed or contract as to the quantity of land, is a matter of description, where the number of acres is referred to as an estimated quantity, or is coupled with the clause more or less, or where in addition to quantity the boundaries are mentioned. (3 Wash. R. P. 3d. 418.) This rule has been approved in this state. (Campbell v. Johnson, 44 Mo. 248; Wood v. Murphy, 47 Mo. App. 539; Hobein v. Frick, 69 Mo. App. loc. cit. 268.) In the present case the land is described as all of the northeast part of section 15, township 52, range 1, east, "which lies north of Ramsey creek." In the absence of any proof of actual fraud or misrepresentation as of the number of acres in the tract, or of proof of a large deficiency in the estimated quantity which would tend to prove fraud in

COVENANT: description.

the sale, the plaintiff was bound to accept a deed for the land under the above description, whether the farm contained more or less than the estimated quantity. We must therefore rule this point against the plaintiff.

We do not understand that the question of the existence of the incumbrance is seriously urged in this court. It is undisputed that the defendant's purpose was to pay the incumbrance out of the remainder of the purchase money and that the owner of the debt was present and was willing to accept the money and release the land. To predicate a right of rescission on the part of plaintiff on such a ground, is too technical for serious consideration, especially as the defendant at the trial proffered to deliver the deed and have the incumbrance removed if plaintiff would pay the balance due under the contract.

The notice served on plaintiff can not be construed as a declaration of defendant's purpose to unconditionally rescind the contract. A contrary intention is expressed. If the notice could bind the defendant to anything, it might confine him to the amount of the earnest money as damages for the failure of the plaintiff to perform the contract. Even under that view the question of consideration would have to be considered. With the concurrence of the other judges the judgment of the circuit court will be affirmed. It is so ordered.