(June 23, 1905.)

## GARRETT v. CRONIN.

[81 Pac. 615.]

FINDINGS OF FACT—INSUFFICIENCY OF EVIDENCE.

    1. Where the evidence is insufficient to support the findings of fact, the judgment must be reversed.

(Syllabus by the court.)

APPEAL from the District Court of Elmore County. Honorable Lyttleton Price, Judge.

Action to compel performance of contract. Judgment for plaintiff. Reversed.

E. M. Wolfe, for Appellant.

The facts in regard to the Chinaman's lease and the purchase of this property by Greenburg are as follows: On the eighth day of September, 1897, the defendant rented this property to Lou Sing Lee for a term of ten years, and he went into possession thereunder and conducted, and still conducts, a Chinese laundry thereon. On the first day of October, 1901, at which time the defendant, J. C. Cronin, was living at Monument, Utah, Mr. Greenburg wrote him in part as follows: "I met your wife through the courtesy of a friend of mine, Mr. Ed. Helfrich, he having advised me that you and Mrs. Cronin desired to dispose of the corner property occupied by the China washhouse. In order to give you an idea of the terms, Mr. Cronin, I wish to state that I informed her that I would give $1,000 for the place, paying $200 cash down, $400 in six months and $400 in twelve months. You to give me a warranty deed for the place, which is to be placed in escrow at the Citizens' Bank here, to which will be attached an agreement to sell on the above terms. In the event that I do not make the future payments, I forfeit all money paid to you on the agreement. You are to draw the rents from the property until I pay the balance due, and you are to pay the taxes and insurance. I expect to remain here for

a few days.   As I understand it, I can probably hear from
you before I leave.   I trust you will write me as soon as
possible, as I must go away soon.   Mrs. Cronin seems to be
well satisfied with the terms, which I think are entirely plain
to her.''   Signed, Daniel W. Greenburg.   Cronin accepted
this proposition and Greenburg's attorney, W. C. Howie, pre-
pared the option contract, and took Mrs. Cronin's acknowl-
edgment.   The contract was then sent to Mr. Cronin and,
after being acknowledged was returned to the bank with the
deed.   It will be seen from the statement in this letter that
Greenburg knew that the Chinaman had a lease on this prop-
erty.   Having this knowledge, we maintain that neither Mr.
Greenburg nor Mr. Garrett can now set up the fact of this
lease as an excuse for their failure to comply with their con-
tract.   (See Pomeroy's Equity Jurisprudence, sec. 611, and
note.)

   W. C. Howie, for Respondent.

   That equity does not favor forfeitures is so thoroughly es-
tablished that I deem it useless to take up the time of the court
with authorities; and that it will grant relief against for-
feitures is also so well settled that I will cite but one of the
many authorities: 8 Am. & Eng. Ency. of Law, 1st ed., 449.
Where there is a defect in the vendor's title, or he from any
cause cannot comply with his part of the contract, or it ap-
pears so to be, the vendee is excused from tendering perform-
ance, and the vendor cannot declare a forfeiture, even though
time is of the essence of the contract.   (*Martin v. Roberts,*
127 Iowa, 218, 102 N. W. 1126; Waterman on Contracts, secs.
419-436, 446; Warvelle on Vendors, sec. 925; *Deichman v.
Deichman,* 49 Mo. 107; *Laverty v. Hall,* 19 Iowa, 526; *Luchetti
v. Frost* (Cal.), 65 Pac. 969; *Root v. Johnson,* 99 Ala. 90, 10
South. 293; *Brown v. Eaton,* 21 Minn. 409; *Hopwood v. Cor-
bin,* 63 Iowa, 218, 18 N. W. 911; *Veeder v. McMurray,* 70 Iowa,
118, 29 N. W. 818; *Baumann v. Pinckney,* 118 N. Y. 604, 23 N.
E. 916; *Bradford v. Foster,* 87 Tenn. 4, 9 S. W. 195; *Welch v.
Darling,* 59 Vt. 136, 7 Atl. 547; *Wright v. Young,* 6 Wis.
127, 70 Am. Dec. 453; 26 Am. & Eng. Ency. of Law, 2d ed.,

43, sec. (2) and (e).) In the following cases the courts held that a vendee has a right to depend on the representations of the vendor, and need not search the record, and granted relief where a search of the records would have shown the representations to be false: *Linn v. Green,* 17 Fed. 407; *Dodge v. Pope,* 93 Ind. 480; *Campbell v. Whittingham,* 28 Ky. (5 J. J. Marsh.) 96, 20 Am. Dec. 241; *Pryse v. McGuire,* 81 Ky. 608; *Kiefer v. Rogers,* 19 Minn. 32. And the following authorities hold that the vendee has a right to depend on his vendor's representations, even though inquiry would show their falsity: *Griffith v. Hanks,* 46 Tex. 217; *Wilson v. Carpenter's Admr.,* 91 Va. 183, 21 S. E. 243; Benjamin on Sales, 6th ed., 409, sec. 461a (ii).

SULLIVAN, J.—This action was brought by the respondent as plaintiff against the appellants. The contract that is sought to be enforced was entered into on the fifteenth day of October, 1901, between the appellants Cronin and wife and one Greenburg. By the terms of said contract said Cronin and wife agreed to sell and convey to said Greenburg three certain town lots in the town of Mountainhome, for $1000, payable as follows: $200 cash, $400 in six months, and $400 in twelve months from the date of said contract, which payments were to be made to the Citizens' State Bank of Mountainhome. The said appellants executed a warranty deed conveying said premises to said Greenburg, and placed the same in escrow in said bank with directions to deliver the same to said Greenburg upon his making the payments therefor as above stated; and it was stipulated in said contract that in case of "failure to make said payments or either of them in the manner and at the times above mentioned, then the said bank shall immediately return said deed to said parties of the first part, and said parties of the first part shall be relieved from all obligation either in law or in equity, to convey said premises to said party of the second part." It was also agreed that the first party should remain in possession of said premises and collect and receive the rents, issues and profits of said premises

until such final payment was made; provided, however, that the second party might, at his option, have possession of said premises for the purpose of erecting any building or buildings thereon. It is alleged in the complaint that said Cronin had leased said premises to a Chinaman for a term of ten years from the eighth day of September, 1897, and that said Chinaman had possession of said premises under said lease and that when the last payment became due said Cronin and wife were not able to give possession of said lands and premises as stipulated in said agreement, and that for that reason, and others named, the respondent had been damaged in the sum of $400, and he prays for judgment for damages; and that said bank be enjoined from delivering said deed to said appellants, and that said deed be delivered to the respondent, and for further relief.

The answer of appellants (Cronin and wife) puts in issue many of the allegations of the complaint, and admits that they refused to deliver up said deed until said last payment was made and aver that said last payment was never tendered to them, and that they have always been able, ready and willing to turn over possession of said property to respondent upon the payment of the balance due on said property at the time and in the manner mentioned in said agreement; that said last payment was not made as stipulated, and aver that by reason of the default in making said last payment as stipulated, the respondent is not entitled to a delivery of said deed, and ask that the action be dismissed and for their costs.

The cause was tried by the court and findings of fact and conclusions of law and judgment were given in favor of the plaintiff. The appeal is from the judgment and taken within sixty days after rendition of judgment.

It is contended that the evidence does not support the findings. Among other findings, the court found that the agreement was entered into as above set forth, and that plaintiff paid defendants on said contract or agreement the sum of $600; further finds that said premises had been leased to a Chinaman for a term of ten years, and that by reason of said

lease and the Chinaman's possession of said premises the said appellants were not able to give possession of said premises as per terms of said contract and agreement; that said lease was not recorded and that the plaintiff did not know of said lease until time to make the last payment, and that when he discovered the existence of said lease he refused to make said payment until said appellant would deliver possession of said premises to him; that the defendants were unable to deliver possession of said premises to the respondent and refused and neglected to deliver possession thereof. It appears from the evidence that the respondent knew that the Chinaman was in possession of said premises and had a washhouse thereon at the time said contract was entered into. That fact appears in a letter dated October 1, 1901, written by said Greenburg to Cronin. It also appears from the record that said Greenburg was acting for the respondent in this matter, and thereafter he conveyed whatever title he might secure to said premises by virtue of said warranty deed from Cronin and wife to one A. G. Smith for the benefit of the respondent. It also appears that said Smith collected rents for the Cronins, they residing in the state of Utah. The time for making the last payment on said contract expired on the 15th day of October, 1902, and it seems that some months thereafter the appellant Cronin had written to said A. G. Smith and requested him to withdraw said escrow deed from the bank and return it to him; and on July 14, 1903, about ten months after the last payment had become due, said Smith wrote to Cronin, stating that he inclosed the deed to him, but through oversight or mistake he failed and neglected to inclose it as stated in the letter.

It will be noted from the above-stated facts that Smith had received from Greenburg whatever title might be procured by him through said deed placed in escrow, with the evident understanding that he should convey it to respondent in case the escrow deed was delivered. It appears from Cronin's testimony that he wrote a letter to said Smith requesting him to take said deed out of the bank and send it to him, and the letter of Smith above referred to was no doubt in reply to

Cronin's letter. Cronin also testified that no one ever offered to pay the balance due on said property under any conditions whatever. The Chinaman who was in possession of said lots testified that ne was ready to move out and give possession of said premises whenever Cronin asked him to. The evidence of Cronin and the Chinaman stands uncontradicted, and there is no evidence showing that respondent ever demanded possession of said premises from Cronin, and it is clear from the evidence that Cronin was ready, able and willing to give the respondent possession thereof had the last payment been made when due.

Said contract was an option to purchase said town lots, and time was of its essence. Conceding in this case that the respondent was justified in refusing to make the last payment as stipulated (although we do not decide that question), if the respondent had not been able to give him possession when said payment became due, yet the evidence shows that appellants were able to place the respondent in possession thereof at any and all times since said payment became due. We are forced to the conclusion that the evidence is not sufficient to support the findings. The judgment must be reversed, and it is so ordered. Costs awarded to appellants.

Stockslager, C. J., and Ailshie, J., concur.