Points Decided.

(May 3, 1916.)

# W. W. PAPESH, Appellant, v. W. B. WAGNON, Respondent.

[157 Pac. 775.]

CONTRACT FOR SALE OF LAND—TIME ESSENCE OF CONTRACT—CONDITIONS
PRECEDENT — NOTICE OF FORFEITURE — ENCUMBRANCE ON LAND AT
TIME OF FINAL PAYMENT—WAIVER—TENDER TO ESCROW HOLDER—
RESCISSION BY VENDOR.

1. In the case of a contract for the sale of land upon instal-
ments, where time is made the essence of the contract and it is
provided that upon default by the vendee in any of the conditions
to be performed by him the contract shall become void and he
shall forfeit his rights thereunder, and any payments that may
have been made to the vendor shall be deemed liquidated damages,
and it is further provided that upon performance of all the condi-
tions of the contract by vendee, vendor shall execute and deliver a
good and sufficient warranty deed to vendee, and under such con-
tract a deed to the land in question is placed in escrow, and the
vendee fails to make the final payment on said contract at the time
said payment becomes due, and the vendor declares no forfeiture,
but about six months thereafter submits to vendee a statement of
account and about a year thereafter withdraws his deed from
escrow, and subsequently the vendee brings suit against the vendor
to recover all payments made on the contract, alleging that vendor
was not in a position at the time the last payment became due to
give good title to the land, for the reason that said land was encum-
bered by an outstanding mortgage, *held* that vendee was not in a
position to demand a deed until he had complied with the conditions
precedent of his contract, and in the absence of acts or conduct
on the part of vendor such as would amount to a waiver of vendee's
default, all payments theretofore made according to the terms of
the contract became forfeited to the vendor under such contract.

2. In the case of a contract for the sale of land, where time is
made the essence of the contract and it is stipulated that in the

Upon the question of excuse for not performing conditions prece-
dent to rescission or abandonment of contract for other party's
default, see note in 30 L. R. A. 40. As to effect of making time of the
essence of contract by demand or notice, see note in 15 L. R. A. 737.
And for cases on the question of delivery of deed in escrow as change
of title or interest, see note in 38 L. R. A., N. S., 142.

event of default by the vendee in performing any of the conditions of the contract the contract shall become void, and such default on the part of the vendee occurs, the vendor is not required to serve notice upon the vendee of his intention to declare a forfeiture.

3. Where a vendee fails to perform an obligation that is a condition precedent in a contract for the purchase of land, the vendor may rescind without tendering a deed; and if the deed has been placed in escrow pending a performance of the conditions, tender of the same need not be made, since the vendee knows where it is and how he can get it.

4. A statement of account under a contract for the purchase of land submitted by vendor to vendee after the latter has defaulted in the final payment under the contract, in which statement such final payment is offset by a mortgage on the land owing by vendor, with the amount of which mortgage vendee is credited in such statement, is not a waiver or breach of the conditions of the contract on the part of the vendor.

5. Under a contract for the sale of land where time is made the essence of the contract, covenants on the part of the vendee are conditions precedent to the execution and delivery of a deed from vendor; and where the land in question is encumbered by a mortgage, it is the duty of the vendor, after the performance of the precedent conditions, to forthwith execute and deliver such deed to the vendee and to procure a release of the mortgage on the land. The circumstance of an outstanding mortgage lien in an amount equal to the final payment under the contract would furnish no legal excuse for the failure of the vendee to pay or tender the amount due upon the contract, in the absence of an allegation that vendor was unable or unwilling to give an unencumbered title to the land when vendee had complied with his part of the contract.

6. The tender by vendee to an escrow holder of the amount due under a contract for the purchase of land after the time for making such payment has expired and at a time when, according to the provisions of the contract, vendee has forfeited his right to a performance on the part of the vendor, and vendor has accordingly withdrawn a deed to the land from escrow, will not avail to restore the rights of the vendee under such contract.

[As to when time is or may become of the essence of contracts for the sale of land, see note in 104 Am. St. 265.]

APPEAL from the District Court of the Eighth Judicial District for Kootenai County. Hon. R. N. Dunn, Judge.

Action to rescind an executory contract and to recover money paid thereunder. Judgment for defendant. *Affirmed.*

Reed & Boughton, for Appellant.

The law is clear that the covenant by the vendor in an executory contract of sale, to give a ''good and sufficient warranty deed,'' is in the eyes of the law a contract to give a marketable title free from encumbrance. (39 Cyc., pp. 1445 and 1446, with many authorities cited.) It follows that if the covenant on the part of the vendor to execute a ''good and sufficient warranty deed'' was concurrent with the obligation of the vendee to pay the last instalment of the purchase price, that the vendor was in no condition to declare the contract forfeited, or claim the balance due until he had cleared title and thus put himself in a position to perform. (*Gibson v. Rouse,* 81 Wash. 102, 142 Pac. 464; *Boyd v. Boley,* 25 Ida. 584, 139 Pac. 139; *Kessler v. Pruitt,* 14 Ida. 175, 93 Pac. 965; *Bank of Columbia v. Hagner,* 1 Pet. (26 U. S.) 455, 7 L. ed. 219.)

If the covenant to convey is to convey upon payment of the last instalment, the covenants to pay the prior instalments are independent of the covenant to convey, but the payment of the last instalment and the delivery of the deed are dependent and concurrent acts. (*Kessler v. Pruitt, supra; Christy v. Baiocchi,* 53 Wash. 644, 102 Pac. 752; *Bean v. Atwater,* 4 Conn. 3, 10 Am. Dec. 91; *Sheeren v. Moses,* 84 Ill. 448; *Duncan v. Charles,* 5 Ill. (4 Scam.) 561; *Reard v. Ephrata Orchard Homes Co.,* 78 Wash. 180, 138 Pac. 678; *Harris v. Reed,* 21 Ida. 364, 365, 121 Pac. 780.)

A party to an agreement for the sale of real estate is not in a position to declare a forfeiture of the contract while he is not in a position to make a marketable title to the real estate in question. (*Sievers v. Brown,* 34 Or. 454, 56 Pac. 171, 45 L. R. A. 642; *Higinbotham v. Frock,* 48 Or. 129, 120 Am. St. 796, 83 Pac. 536; *Wheeling Creek Gas, Coal etc. Co. v. Elder,* 54 W. Va. 335, 46 S. E. 357; *Cabrera v. Payne,* 10 Cal. App. 675, 103 Pac. 176.)

The taking of interest on the delinquent purchase price amounts to an unequivocal recognition of the contract, and constitutes a waiver of the time clause. (*Merriam v. Good-*

*lett,* 36 Neb. 384, 54 N. W. 686; *Robinson v. Trufant,* 97 Mich. 410, 56 N. W. 769; *Smith v. Northern Pac. R. Co.,* 22 Wash. 500, 509, 61 Pac. 255.)

"When it is apparent that tender and demand will be unavailable, as where the vendor gives notice of his intention not to perform, absolutely refuses to perform, puts himself in a position in which performance is impossible, offers a defective title, or is unable to perform, a formal tender and offer of payment and demand of deed by the purchaser is not necessary to entitle him to recover back what he has paid under the executory contract, as the law does not require idle ceremonies." (39 Cyc. 2048; *Merrill v. Merrill,* 102 Cal. 317, 36 Pac. 675; *Joyce v. Shafer,* 97 Cal. 335, 32 Pac. 320; *Cabrera v. Payne, supra; Walters v. Mitchell,* 6 Cal. App. 410, 92 Pac. 315.)

Featherstone & Fox, for Respondent.

There is no provision in the contract that left the termination thereof or the forfeiture thereunder optional with the vendor, so that no declaration of forfeiture or notice to the vendee were necessary, but by the clear provision of the contract the default of the vendee rendered the contract void and worked a forfeiture of the money paid. (*Kessler v. Pruitt,* 14 Ida. 175, 93 Pac. 965; *Prairie Development Co. v. Leiberg,* 15 Ida. 379, 98 Pac. 616; *Rischar v. Shields,* 26 Ida. 616, 145 Pac. 294.)

The deed to the property as alleged by appellant was in escrow at the bank where the final payment was to be made at the time the payment became due. That was a sufficient tender if any tender by respondent was necessary. (39 Cyc. 1377.)

Appellant seeks to recover the forfeiture caused solely by his own wilful default and abandonment of the contract. He is in no position to demand a repayment or to ask the aid of the court to recover the forfeiture. (39 Cyc. 2002–2025.)

The mortgage was not such an encumbrance as would entitle plaintiff to disregard his contract entirely without even making an objection thereto or a demand upon defendant to

have it released.   (39 Cyc. 1408; *Garrett v. Cronin,* 11 Ida. 214, 81 Pac. 615.)

It is not claimed by appellant that he at any time made a demand for the deed, either on the date of maturity of the contract or after his default.   (*Brinton v. Lewiston Nat. Bank,* 11 Ida. 92, 81 Pac. 112.)

BUDGE, J.—This is an action brought by appellant to recover part of the purchase price paid under an executory contract to purchase a tract of land in what is known as the Post Falls Irrigation Tract, located in Kootenai county. The contract recites the consideration to be paid for the land. Two hundred dollars was paid on the delivery of the contract, and the balance was to be paid at the Scandinavian-American Bank, Spokane, Washington, upon various dates stipulated in the contract, together with interest on the unpaid balance at eight per cent.   All payments were made under the contract except the last of $600 and interest, which was due and payable according to the terms of the contract on or about January 16, 1913.

Appellant alleges, in order to justify his failure to make the last payment, that on the date the same became due there was existing a mortgage in the amount of $600 against the property in question which had not been paid or released of record by respondent, and further, that at the date the last instalment of $600 became due respondent attempted to declare no forfeiture; nor did he withdraw the warranty deed which had theretofore been prepared by him and placed in escrow with the Scandinavian-American Bank of Spokane to be delivered to appellant upon a full compliance with the terms and conditions of the contract, until about February 20, 1914.

It is further alleged that on July 16, 1913, respondent submitted to appellant a full statement of account between them, which showed that there had been mutual dealings, in which statement respondent charged appellant with interest on the $600 still due under the land contract up to August 1, 1913; that upon this occasion respondent called appellant's atten-

tion to the $600 mortgage existing against the property, and stated that the interest on the note secured by the mortgage was past due, and further informed appellant that he was trying to secure an extension of the mortgage until the following February. In the account rendered appellant is charged with the $600 and interest due under the contract, and credited with the $600 mortgage. With these debits and credits and others, the account submitted showed a balance due respondent of $128.70, which amount was disputed by appellant, who sent to respondent his check for $116.90 in full payment of the account, which latter amount the respondent, it is alleged, accepted. Matters looking to a compromise of the indebtedness due under the contract are also alleged in the second amended complaint, but were never agreed to by the parties, and are immaterial so far as the rights of the parties in this action are concerned.

On February 20, 1914, respondent forwarded to appellant another statement of the alleged indebtedness existing between them, in which communication he directed appellant to forward to the Wells-Fargo Nevada National Bank of San Francisco the $600 and interest amounting to $19.00, in payment of the balance due upon the land contract, and informed appellant that upon receipt of this amount he would forward him a deed and abstract of title to the land described in the contract. Appellant alleges that he tendered to the Scandinavian-American Bank at Spokane, on or about the 28th day of February, 1914, the $600, balance due on the contract, and demanded a deed, which was refused by the bank, for the reason, as alleged by appellant, that the respondent had, on or about February 20, 1914, requested of the bank and it had returned to him the contract. Appellant alleges that he thereupon forwarded by registered mail a letter addressed to respondent in the state of California, in which he notified him of what he had done, and of his intention to hold him liable for all payments theretofore made. To this letter respondent replied under date of March 4, 1914, informing appellant in effect that the contract entered into on January 31, 1911, went by default, and was taken from escrow under

the conditions set forth therein, and that all moneys paid on this contract would be retained as liquidated damages and as rental of the premises. He further stated that, without prejudicing any of his rights under the contract, he did not desire to cause appellant to forfeit any payments made under the contract, but upon payment of the amount claimed to be due in accordance with his letter of February 20, 1914, a good and sufficient warranty deed and abstract showing clear title would be delivered to appellant. Thereupon appellant brought this action to recover all payments made on the land contract with interest and other items alleged to have been advanced on account of the contract.

To this second amended complaint respondent filed a demurrer upon the ground that the complaint failed to state a cause of action. This demurrer was by the trial court sustained. Appellant refused to further amend his complaint, but elected to stand thereon, and judgment of dismissal was entered. This is an appeal from the judgment. The error complained of is the action of the trial court in sustaining respondent's demurrer to appellant's second amended complaint.

The contract entered into between appellant and respondent is attached to and made a part of appellant's second amended complaint. It provides, among other things, that "It is expressly agreed that time is the essence of this contract and in case of default by the party of the second part, his heirs or assigns, in any of the conditions above stipulated to be performed by him, then and in that case this contract shall become void, and the party of the second part shall have forfeited his rights hereunder, and any payments that shall have been made shall become forfeited to the party of the first part, which said payments it is hereby specially agreed shall, in that case, be deemed as damages hereby liquidated. . . . ." It is further stipulated in said contract that "Forthwith, after the full payment of said purchase price, money, taxes and interest, as aforesaid, time being the essence of this contract, the party of the first part agrees to execute or cause to be executed, to the party of the second

part a good and sufficient warranty deed for said described premises, to be delivered on the surrender of this duplicate contract. . . . . "

Appellant in his second amended complaint admits that he failed to make or tender the final payment due as stipulated in the contract on January 16, 1913. He does not allege that he made any objection to respondent's title to the property described in the contract to be conveyed, although he had full knowledge of the existing mortgage upon the date the final payment was due. Upon that date, therefore, the final payment not having been made or tendered at the time and place as stipulated, appellant was in default. And in the absence of such acts or conduct on the part of respondent which amounted to a waiver of appellant's default, all payments theretofore made, according to the terms of the contract, became forfeited to the vendor as liquidated damages.

From the above-quoted provision of the contract that forthwith, after the full payment of the purchase money, taxes and interest, time being of the essence of the contract, the vendor agreed to execute or cause to be executed to the vendee a good and sufficient warranty deed, it is apparent that so long as the vendee complied with the terms of the contract, the vendor was in no position to declare a forfeiture. The contract itself failed to provide for the giving of notice of forfeiture by the vendor upon failure of the vendee to comply with its terms. But the parties stipulated in express terms that in case of default by the vendee in any of the conditions of the contract, it should become void.

In the case of *Prairie Dev. Co. v. Leiberg*, 15 Ida. 379, 98 Pac. 616, this court had under consideration a contract which in substance and in terms was practically identical with the contract under consideration in the case at bar. In that case it was contended, as it is in the case under consideration here, that the vendors could not accept payment on the date stipulated in the contract, and retain it and declare a forfeiture for failure to make other payments specified in said contract, without notifying the vendee of their intention to declare a forfeiture, and the vendee being given a reasonable

time in which to comply with the contract. "This," the court says, "is not the law. We are not aware of any authorities which hold that where time is made of the essence of a contract, and payments are not made in accordance with such contract, that the other party is required to serve notice upon such defaulter of the intention to declare such contract forfeited unless the payments be made in accordance therewith, and that a reasonable time must be given for complying with said contract."

The deed to the property, as alleged by appellant, was in escrow at the bank where the final payment was to be made at the date it became due. That was a sufficient tender of the deed by respondent, if any tender was necessary under the terms of the contract that after the full payment of the money, interest and taxes, the vendor was to execute a good and sufficient deed to the vendee. The payment of the purchase money, interest and taxes by the vendee was a condition precedent to the obligation of the vendor to tender the deed. In 39 Cyc. 1377, the rule is announced that "If the purchaser fails to perform an obligation that is a condition precedent, the vendor may rescind without tendering a deed. So where the deed has been placed in escrow, the purchaser knowing where the deed is and how he can get it, a tender is not necessary."

Appellant seeks, in his second amended complaint, to justify his failure to make the final payment as stipulated in the contract, on the ground that no demand was made upon him by the respondent prior to the time when the contract was by the appellant rescinded.

Mr. Pomeroy, in his work on Specific Performance, 2d ed., announces the following doctrine:

In section 361, he says that the rule that "the contract remains in force, and either party may make a proper tender or offer and sue, until barred by the statute of limitations . . . . does not apply to those contracts in which the time of performance has been made essential, and the agreement itself is to be regarded as void or rescinded if the vendee fails to make his payments on the stipulated days."

"Sec. 362. In all those contracts where the time of payment by the vendee is essential and not simply material, and *a fortiori* in those where, if the vendee's payments are not,made upon the exact day named, the vendor may treat the agreement as at an end, the vendee must make an actual tender of the price and a demand of the deed at the specified time, as a condition precedent to his maintaining a suit. The same is true of the vendor when the time of his conveyance is made essential. This rule is involved in the very notion of time being of the essence of the contract."

In the case of *Grey v. Tubbs,* 43 Cal. 359, the supreme court says: "Courts of equity have not the power to make contracts for parties, nor to alter those which the parties have deliberately made; and whenever it appears that the parties have in fact contracted, that if the purchaser make default in the payments, as agreed upon, he shall not be entitled to a conveyance, and shall lose the benefit of his purchase; and when it also appears that the purchaser is without excuse for his delay, the courts will not relieve him from the consequences of his default. They will not inquire into the motive or the sufficiency of the motive that induced the parties to contract, that time should be essential in the performance of any of the agreements contained in the contract of purchase; but if it appears that the parties have thus contracted, the courts of equity will not disregard the contract in order to give effect to some vague surmise, that all that the vendor intended to secure by the contract was the payment of the purchase money, with interest, at some indefinite time."

In the contract under consideration the parties could not have used language more definite to express their intention that in case of default by the vendee in any of the conditions, the contract was to become void and all of the payments made under it were to be deemed as liquidated damages.

From an examination of the second amended complaint and the exhibits attached thereto, it will appear that the appellant was, at the time when he attempted to rescind the contract, himself in default, having failed to make the final

payment according to the terms of the contract, for a period of more than one year after the same became due. It is not alleged in the amended complaint that respondent at any time expressly extended the time within which the final payment as stipulated in the contract should be made, but appellant seeks to justify his failure to make this payment and his right to recover the payments already made, upon the grounds that there was at the time when the final payment became due an outstanding mortgage on the property in an amount equal to the final payment which had not been released or discharged of record, and after the final payment became due, respondent furnished appellant with an itemized statement in which he credited appellant with the mortgage indebtedness and charged him with the interests which accrued after the payment became due; thereby, as appellant alleges, canceling the final payment of $600. Appellant further alleges that subsequent to the date the final payment became due, and prior to the commencement of this action respondent withdrew from the Scandinavian-American Bank the warranty deed that had theretofore been placed in escrow, and removed to the state of California, which acts, appellant alleges, are contrary to the terms of the written contract and constitute not only a waiver of the final payment by respondent, but such a breach of the contract as would justify appellant in rescinding the contract and maintaining an action to recover all payments theretofore made.

Is the covenant on the part of the vendee to pay the last instalment of the purchase price of $600 and interest dependent upon and concurrent with the covenant of the vendor to execute a warranty deed? This is the most serious question raised in this case.

The contract provides, as has been before stated, that the vendor is to execute or cause to be executed a good and sufficient deed to the vendee forthwith after the purchase price, interest and taxes have been paid. Respondent insists that this provision is an independent covenant on the part of the vendee to make full payment of the purchase price before the deed was to be executed or delivered; while ap-

pellant insists that the payment of the balance of the purchase price was dependent upon and concurrent with the covenant of the vendor to execute a warranty deed. Appellant assigns as an excuse for his failure to make the final payment, that there was an existing mortgage against the property described in the land contract of the same amount as the final payment which was unsatisfied, and that for this reason respondent was not in position to convey a good and sufficient title to the property, and was in no position to declare the contract forfeited or claim the balance due upon the contract. Appellant does not, however, allege the inability of the respondent to procure the release of the real estate mortgage upon the receipt of the final payment due him, or that he was unwilling to release it, or that he was insolvent or unable to perform his part of the contract.

In our opinion, under the stipulations of the contract, it was the duty of the appellant to first make or tender the final payment of $600 and interest due upon this contract at the time and place as provided therein. These covenants on his part to be fulfilled and performed were conditions precedent and independent of the covenants of the vendor to execute a warranty deed. It would be the duty of the vendor immediately after the performance of these precedent conditions to execute and deliver to appellant a warranty deed for the premises and to procure a release of the real estate mortgage.

The mere fact that there was an outstanding indebtedness against the premises secured by a real estate mortgage in an amount equal to the final payment furnished no legal excuse for the failure of the vendee to pay or tender the amount due upon the contract as stipulated. We think that it is fair to presume from the pleadings in this case, that it was the intention of the vendor and vendee that upon the final payment being made by the vendee the mortgage upon the premises was to be paid and released.

Under the provisions of the contract appellant was not in a position to demand a deed until he had made the final payment. And he cannot justify a rescission of the contract, or recover the money paid thereon, in the absence of an alle-

gation that the vendor had acted in bad faith and was not able and willing to give a perfect and unencumbered title to the premises when it became his duty to execute a conveyance according to the covenants. He had full knowledge of the existence of the mortgage; and, in the absence of fraud or deception on the part of respondent, to permit him to recover back the money he had paid, would be allowing him to rescind a fair and voluntary contract and thereby take advantage of his own default. If he had tendered the final payment and demanded a deed free from all encumbrances as stipulated in the contract, a different question would be presented. (*Garrett v. Cronin*, 11 Ida. 214, 81 Pac. 615; *Styles v. Blume*, 12 Misc. Rep. 421, 33 N. Y. Supp. 620; *Martin v. Stone*, 79 Mo. App. 309.)

Appellant contends it is shown from the complaint that "it was the vendor who started things"; that if he had desired the $600 and interest from the vendee wherewith to pay off the mortgage in the same amount, he could have made arrangements to have the release of mortgage placed in escrow with the Scandinavian-American Bank at Spokane, and then have notified the vendee to make his last payment; or, the vendor could have commenced an action in equity for specific performance. The difficulty with this argument is that the premise is wrong. Under the contract it was the duty of the vendee to pay or tender the $600, together with interest, to the Scandinavian-American Bank of Spokane, on January 16, 1913, and it would then become the duty of the vendor to forthwith deliver a good and sufficient deed and execute a release of the real estate mortgage. It was not the duty of the vendor under this contract to tender a good and sufficient deed and a release of the mortgage, or to bring a suit in equity for specific performance, in order to declare a forfeiture of the contract.

Had the vendee, upon receipt of the vendor's letter of February 20, 1914, which was more than one year after the vendee was in default, forwarded as directed in said letter the $600 and interest, the balance due upon the contract, to the bank designated in the letter, with directions that the

same be paid to the vendor upon delivery of the deed and release of the real estate mortgage, while not strictly in accordance with the terms of the contract, yet the position of the vendee might have been tenable. But instead of paying or tendering the amount due under the contract as directed, the vendee alleges that he made a tender to the Scandinavian-American Bank at Spokane with knowledge of the fact that the right of that bank to receive the money had expired more than a year prior to the date of the tender; and upon the refusal by that bank of his tender, he brought this action to recover payments theretofore made, together with interest and other items.

In our opinion the trial court did not err in sustaining the demurrer to the second amended complaint. This, we think, is particularly true in the absence of an allegation showing an extension of time by respondent beyond the date fixed in the contract for the making of the final payment, and in the absence of sufficient allegations of such acts or conduct on the part of respondent as would lead the appellant to believe that he had intended no longer to treat time as of the essence of the contract or that he intended to waive his contractual rights to a forfeiture should the appellant default or refuse to make the payments as stipulated in the contract, and in view of the fact that it affirmatively appears that ample opportunity was offered to appellant subsequent to the date upon which the final payment was to have been made within which to make it, together with the interest, and thus secure the advantages of the payments theretofore made.

The judgment of the trial court should be sustained, and it is so ordered. Costs are awarded to respondent.

Sullivan, C. J., and Morgan, J., concur.