MARY ROSE WHITNEY, Plaintiff, *v.* FRANK P. CROUCH and MARIAN E. CROUCH, Defendants.

(Supreme Court, Monroe Special Term, December, 1918.)

Contracts — vendor and purchaser — title — deeds — when vendor cannot be put in default for defect of title.

Fraud — allegations contained in complaint in an action for — contracts — evidence — deeds — when motion to set aside judgment of nonsuit and for new trial denied.

Where an unacknowledged contract to convey contains no provision relative to the passing of the title the vendor owes the vendee no duty except to convey a marketable title to the land on the law day.

In such case, the vendor is only bound to convey a marketable title upon full payment of the purchase money and cannot be put in default until it is paid or tendered and a deed demanded.

The vendor in a contract to convey fulfills his obligation thereunder if, at the time fixed for the delivery of the deed, he is able and willing to convey a marketable title irrespective of whether, when the contract was made or at any time thereafter, he had title.

It being legal for one to contract to convey land which he does not own he cannot be put in default for defect of title or inability to convey by the vendee's performance and demand for a deed before the expiration of the time fixed for making the conveyance.

The complaint in an action for fraud, after alleging that defendants had entered into a contract to sell plaintiff a house and lot for a certain sum, pleaded that as an inducement to the purchase, defendants represented to plaintiff that the premises were free and clear of all incumbrances. The contract to convey which was not acknowledged contained no provision relative to the passing of title and plaintiff, upon taking possession on the day that the contract was made, first learned of a mortgage upon the premises for an amount equal to one-half of the purchase price. About a month after plaintiff removed from the premises, since which time she has made no payments

on the purchase price. There was evidence that a certain
amount had been paid under the contract for which plaintiff
asked judgment and that the balance of the unpaid purchase
price was much greater than the amount due on the mortgage
but there was no proof of a tender of the purchase price or
demand for a deed of conveyance and plaintiff made no claim
that she was at any time entitled to receive a deed of the prem-
ises. *Held*, that a motion to set aside a judgment of nonsuit
and for a new trial should be denied.

MOTION by plaintiff to set aside nonsuit and for a
new trial.

James S. Creary, for motion.

S. D. Bentley, opposed.

THOMPSON, J. Plaintiff has sued defendants in
fraud, alleging that on June 3, 1915, defendants con-
tracted to sell plaintiff a house and lot for $1,600; $50
down, $50 to be paid July 3, 1915, and the balance at
$10 per month, with interest on unpaid amounts to be
paid semi-annually. The complaint further alleges
that as matter of inducement defendants represented
to plaintiff that the premises were free and clear of
all incumbrances, whereas in fact there was a mort-
gage of $800 upon them. The contract contained no
provision relative to the passing of title, and was not
acknowledged. Plaintiff took possession of the
premises the day of the sale; on August 10, 1916, she
learned of the mortgage against the premises and on
September 15, 1916, she removed therefrom, and has
since made no payment thereon. There is evidence to
the effect that $507.51 has been paid upon the con-
tract, for which amount plaintiff asks judgment, and
that the balance of the purchase price unpaid is much

greater than the amount due on the mortgage. *Styles* v. *Blume,* 12 Misc. Rep. 421, 424. No tender or demand has been made, and it is not claimed that plaintiff has at any time become entitled to receive a deed of the premises.

I do not think that plaintiff's remedy lies in this form of action. Whether or not defendants made the statement in question is unimportant. Vendors owed no duty to vendee under the contract except to convey a marketable title of the land described, on the law day when that should be reached. They were obliged to do this only upon full payment of the purchase money, and they could not be put in default unless such money was paid, or tendered, and a deed demanded.

The rule is well settled that one who enters into an executory contract for the sale and conveyance of land fulfills his obligation thereunder if, at the date fixed for the delivery of the deed, he is able and willing to convey a marketable title, and this irrespective of the question whether he had title at the time the contract was executed, or at any time thereafter. *Tanzer* v. *Bankers Land & M. Corp.,* 159 App. Div. 351, 352.

The American decisions have uniformly held that the vendor cannot be placed in default for defect of title or inability to convey, by tender of performance by the purchaser and demand for performance by the vendor before the expiration of the time fixed by the contract for making a conveyance, the view being taken that it is perfectly legal for one to contract to convey land which he does not own. 39 Cyc. 1410.

The mere fact of the existence, at the time fixed for the concurrent mutual performance of an executory contract for the conveyance of real estate, of a lien or incumbrance on the property which it is in the power

of the vendor to remove, does not release the vendee from the necessity of making a tender and demand of performance, as a condition precedent to the maintenance of an action to recover money paid on the contract, or for damages as for a breach of the contract on the part of the vendor. *Ziehan* v. *Smith,* 148 N. Y. 558.

Even though a vendor shall have made a false statement in respect to some material matter the vendee cannot rescind or sue in fraud without giving him a reasonable opportunity to correct the error and make his representation good, unless from its nature it is apparent that it is impossible to do so, it being presumed that the vendor will have remedied the defect by the deed day. *Schiffer* v. *Dietz,* 88 N. Y. 300, 312; *Kranz* v. *Lewis,* 115 App. Div. 106; *Styles* v. *Blume,* 12 Misc. Rep. 421; *Provident Loan Trust Co.* v. *McIntosh,* 68 Kans. 452.

In contracts of this description the undertakings of the respective parties are always considered dependent unless the contrary intention clearly appears, and consequently the payment of the whole purchase price and the giving of the deed were intended to be concurrent acts, and the ability and readiness of either must exist before the other can be enforced. *Glenn* v. *Rossler,* 156 N. Y. 161; *Higgins* v. *Eagleton,* 155 id. 466; *Greenby* v. *Cheevers,* 9 Johns. 125.

It seems that the mortgage in question was foreclosed and the property bid in by the defendant, Mary E. Crouch; it also appears that the plaintiff claims that Frank P. Crouch was acting as the agent of Mary E. Crouch in this transaction and this contention finds support in the fact that a power of attorney running from Mary E. to Frank P. Crouch authoriz-

ing him to act in her place and stead, in such transactions, was in force at the time. So we have the title of the premises in the name of the defendant, Mary E. Crouch, free and clear at and previous to the time of the commencement of this action, which is not an action for damages for breach of contract or for specific performance but for fraud. And in such case the fraud must have been *material,* and must result in *injury* to plaintiff else she has no cause of action. *Townsend* v. *Felthousen,* 156 N. Y. 618.

The false representation relied on in this case cannot be said to be material nor did it result in plaintiff's injury, the defendants having ample time in which to clear the record before a conveyance could be required of them. *Hanson* v. *Fox,* 20 L. R. A. (N. S.) 338.

And even though the property had been free and clear at the time of the contract the defendants could have legally incumbered it at any time thereafter, and were only obligated to have all liens and incumbrances off from the record when the plaintiff should have fully paid the purchase price and demanded the deed.

The motion is denied, with ten dollars costs.

Motion denied, with costs.